## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BERNARD KIRK BARNES,** | ) | |
| **ID # 1952319,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:15-CV-4021-D (BH)** |
| | ) | |
| **JAMES MOSSBURGER,** | ) | |
| **Senior Warden,** | ) | **Referred to U.S. Magistrate Judge** |
| **TDCJ-Ramsey Unit,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

## I. BACKGROUND

Bernard King Barnes (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is James Mossburger, Senior Warden of the TDCJ Ramsey Unit (Respondent).

### A.    State Court Proceedings

On July 16, 2014, the State indicted Petitioner for possession with intent to deliver a controlled substance in Cause No. 2-14-333. (*See* doc. 18-6 at 42.)[1] On September 4, 2014, he pleaded guilty under a plea agreement in the 382nd Judicial District Court of Rockwall County, Texas. (*See id*. at 52.) In a written plea admonishment, he was advised of the charge against him

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

and the range of punishment. (*See id.* at 55.) He stated that he was aware of the consequences of his guilty plea, his plea was freely and voluntarily entered, and he waived his right to trial by jury and the right to confront and cross-examine witnesses. (*See id.*) The judgment recites that Petitioner appeared with counsel, waived his right to trial by jury, and the trial court admonished him as required by law. (*See id.* at 59.) The trial court found that his plea was freely and voluntarily entered, and sentenced him to 10 years of imprisonment. (*See id.* at 55, 58-59.) Petitioner did not appeal. (*See* doc. 3 at 3); *see* www.txcourts.gov (search for Petitioner).

Petitioner's first state habeas application was signed on October 16, 2014, and received by the state court on November 4, 2014. (*See* doc. 18-4 at 5, 37.) On January 21, 2015, it was dismissed as non-compliant with Texas Rule of Appellate Procedure 73.1. (*See* doc. 18-1); *see Ex parte Barnes*, WR-7,589-27 (Tex. Crim. App. Jan. 21, 2015). His second state habeas application was signed on June 15, 2015, and received by the state court on June 17, 2015. (*See* doc. 18-6 at 6, 23.) It was denied without written order on August 26, 2015. (*See* doc. 18-5); *see Ex parte Barnes*, WR-7,589-28 (Tex. Crim. App. Aug. 26, 2015).

**B.    Substantive Claims**

Petitioner's federal habeas petition, signed on December 15, 2015, challenges his conviction on the following grounds:

(1) He was subjected to an illegal search and seizure, because there was no probable cause to stop him, and the officer engaged in racial profiling;

(2) Trial counsel was ineffective because he failed to move for a suppression hearing;

(3) His plea was involuntary;

(4) The court lacked jurisdiction.

(*See* doc. 3 at 6-7.) Respondent filed a response on April 21, 2016. (Doc. 16.) Petitioner filed

2

replies on April 29, 2016 (doc. 19), and May 3, 2016 (doc. 21).

## II.  STATUTE OF LIMITATIONS

Respondent asserts that the habeas petition is barred by the statute of limitations.  She argues that because Petitioner waived his right to appeal as part of a plea agreement, the judgment became final when he was sentenced on September 4, 2014.

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

### A.    Calculation of One-Year Period

The one-year period is calculated from the latest of either:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

3

There is a split among federal courts in Texas about when a judgment becomes final in cases where, as here, a petitioner waives the right to appeal. *See Whittle v. Stephens*, No. 3:15-CV-1783-L, 2015 WL 3884221 at *3-4 (N.D. Tex. June 22, 2015) (collecting cases). Some courts have held that the waiver of appeal forecloses the availability of an appeal, and the judgment becomes final when the defendant is sentenced. *See Chacon v. Stephens*, No. 4:13-CV-2184, 2014 WL 3543722 at *3-4 (S.D. Tex. July 14, 2014). Other courts have held that the judgment becomes final at the expiration of the thirty-day period for appealing. *See Schomburg v. Stephens*, No. 4:14-CV-159, 2015 WL 5089546 at *2 n.3 (N.D. Tex. Aug. 28, 2015). Although this issue was raised in *Rodriguez v. Thaler*, 664 F.3d 952 (5th Cir. 2011), the Fifth Circuit did not reach it because it found that there had been no waiver of appeal. It stated, however:

> Respondent argues that where an appeal waiver exists a conviction becomes final immediately, not 30 days later, because "[a] court cannot define 'direct review' by indulging the assumption that prisoners will dishonor the commitments that they make in plea agreements." Respondent's reasoning would seem to require the habeas court to delve into the merits of a hypothetical appeal to determine the date by which a conviction becomes final for purposes of calculating AEDPA deadlines. Moreover, we have made clear in a related context that "[t]he merits of [a hypothetical post-conviction petition] are simply not germane to the analysis of whether the 'availability of direct appeal to the state courts ... has been exhausted.'" *Mark v. Thaler*, 646 F.3d 191, 194 (5th Cir. 2011) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 681, 685, 172 L.Ed.2d 475 (2009)).

*Id*. at 953 n.1.

A defendant can waive the right to appeal in Texas if he knows in a plea-bargained case what the punishment will be. *See Blanco v. State*, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000). Notwithstanding a waiver, the trial court may allow an appeal, or the record may show that the waiver of appeal has no effect. *See Ex parte De Leon*, 400 S.W.3d 83, 90 (Tex. Crim. App. 2013); *Willis v. State*, 121 S.W.3d 400, 402-03 (Tex. Crim. App. 2003) ("the trial court is in a better

4

position to determine whether the previously executed waiver of appeal was in fact validly executed and if there is any arguable merit in [the defendant's] desire to appeal"). When the State asserts that an appeal should be dismissed because of a waiver, a state appellate court "consider[s] the written plea documents and the formal record in light of general contract-law principles to determine the validity of the waiver [of the right to appeal] and the terms of any agreement between the defendant and the State." *Jenkins v. State*, 495 S.W.3d 347, 350 (Tex. App. – Houston [14th Dist.] 2016).

As observed by the Fifth Circuit, federal courts should not "delve into the merits" of a possible appeal to determine whether an appeal could have proceeded in light of a waiver of appeal and the record. *See Rodriguez*, 664 F.3d at 953 n.1. The Court finds that in a case in which there was a waiver of appeal and no appeal was filed, the judgment becomes final at the expiration of the thirty-day period for filing a notice of notice of appeal under Tex. R. App. P. 26.2(a)(1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order").

Petitioner was sentenced on September 4, 2014, and the judgment became final on October 4, 2014. That day was a Saturday, so the last day to file an appeal was Monday, October 6, 2014. *See* Tex. R. App. P. 4.1. He had until October 6, 2015, to file his federal habeas petition, absent any tolling of the statute of limitations.

## B.    <u>Statutory Tolling</u>

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's first state habeas application was not properly filed under

5

§ 2244(d)(2) because it was dismissed as being non-compliant with a state procedural rule, so it did not toll the limitations period. *See Davis v. Quarterman*, 342 Fed. App'x. 952, 953 (5th Cir. Aug. 27, 2009) (holding that a state writ dismissed pursuant to Tex. R. App. P. 73.1 was not "properly filed" within the meaning of § 2244(d)(1)(A)). His second state habeas application was signed and deemed mailed on June 15, 2015. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court). It was denied without written order on August 26, 2015. The limitations period was tolled for 73 days while that application was pending, so the § 2254 petition was due on December 18, 2015. Petitioner filed his § 2254 petition on December 15, 2015, the date that it was mailed.[2] It is therefore timely.

### III.   APPLICABLE LAW

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact.

---

[2]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

*Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001).  Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact.  *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## IV.  ILLEGAL SEARCH AND SEIZURE

Petitioner contends that the police officer who stopped the car in which he was riding had

a history of stopping a disproportionate number of African-Americans and Hispanics, pulling them out of their vehicles, and searching them without probable cause. He claims that the car in which he was riding was stopped without probable cause because the officer thought that the driver suddenly exited the highway to avoid being stopped. He was allegedly searched without probable cause when the officer had him get out of the car, searched his pockets, and found a glass tube. The officer then searched the car and found a controlled substance.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust under § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. In the state habeas application, Petitioner claimed that the officer had stopped other people through racial profiling. He did not raise a free-standing claim that he was illegally stopped and searched through racial profiling, however, or that he was searched without probable cause. This claim is therefore unexhausted.

Notwithstanding the lack of exhaustion, the claim also is procedurally barred from federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be

8

procedurally barred. *Id.* In those cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred). Here, if Petitioner brought his unexhausted claim in a subsequent state habeas corpus application, the Court of Criminal Appeals would consider the claim to be procedurally defaulted as a successive state habeas application under Article 11.07 § 4 of the Texas Code of Criminal Procedure, so his claim is also procedurally barred from federal habeas review. *See Nobles*, 127 F.3d at 423.

Even if not unexhausted and procedurally barred, Petitioner's claim would also fail because a challenge to a conviction obtained by a guilty plea is limited to issues concerning the voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Grabowski v. Hargett*, 47 F.3d 1386, 1389 (5th Cir. 1995). His claim of an illegal search and seizure due to racial profiling was waived by his voluntary guilty plea. *See Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (illegal searches and seizures are non-jurisdictional defects that are waived by a knowing and voluntary guilty plea).

Finally, it is well-settled that a claim that evidence obtained pursuant to an unconstitutional search and seizure was admitted at trial cannot be a basis for federal habeas relief if the state provided an opportunity for a full and fair litigation of the Fourth Amendment claim. *Williams v. Taylor*, 529 U.S. 362, 375 (2000); *Stone v. Powell*, 428 U.S. 465, 482 (1976). If a state has a process that allows an opportunity for full and fair litigation of Fourth Amendment claims, federal habeas review of those claims is barred, even if a defendant did not use the state process to litigate the claims. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Moreno v. Dretke*, 450 F.3d 158,

9

167 (5th Cir. 2006).  The State of Texas has a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal.  *Register*, 681 F.3d at 628.  Consequently, Petitioner's claim of an illegal search and seizure is barred from federal review.

## V.  VOLUNTARINESS OF PLEA

Petitioner contends that his plea was involuntary.  He claims that because counsel did not seek a hearing on his *pro se* motions to suppress and did not file a motion to suppress, he decided to plead guilty even though he wanted a jury trial.

A plea of guilty waives a number of constitutional rights.  *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969).  Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences."  *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748).  A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary.  *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).  A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process."  *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).  In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."  *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

10

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Petitioner has not overcome the "strong presumption of verity" given to his declarations in the plea papers and the "great weight" and "presumption of regularity" given to the recitations in

11

the judgment that he waived his rights, that he was admonished of the charge and the range of punishment, and that his plea was freely and voluntarily entered. *See Blackledge*, 431 U.S. at 73-74; *Abreo*, 30 F.3d at 32. Moreover, as discussed below, Petitioner has not shown that he received ineffective assistance of counsel in relation to any motions to suppress. He has not shown that the state court's rejection of this claim was unreasonable or that he is entitled to relief on this claim.

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner contends that counsel was ineffective for not seeking a hearing on the *pro se* motions to suppress and for not filing a motion to suppress evidence obtained from an illegal search that was the product of racial profiling.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or

12

substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting

*McMann v. Richardson*, 397 U.S. 759, 770–71 (1970)).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

**A.    *Pro Se* Motions to Suppress**

A defendant in Texas has no right to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Counsel was not ineffective for failing to argue or seek a hearing on Petitioner's *pro se* motions to suppress. *See Rose v. Johnson*, 141 F. Supp. 2d 661, 690 (S.D. Tex. 2001) (counsel was not ineffective for failing to adopt *pro se* motions); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). Petitioner has not shown that the state court's rejection of this claim was unreasonable.

**B.    Motion to Suppress**

Petitioner has not shown that counsel was ineffective for failing to file a motion to suppress. As noted, his federal claim that he was racially profiled and illegally stopped and searched without probable clause is unexhausted and procedurally barred. *See Nobles*, 127 F.3d at 423. Although he alleges that others were racially profiled by the officer who also stopped him, he does not allege facts that show that he was racially profiled. He is not entitled to relief on the conclusory claim that counsel failed to file a motion to suppress based on racial profiling. *See Miller v. Johnson*, 200 F.3d at 282; *United States v. Woods*, 870 F.2d at 288 n.3.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, a search or seizure without probable cause or warrant is a violation of the Fourth Amendment. *See United States v. Jones*, 234 F.3d 234, 239 (5th Cir. 2000); *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994) ("The right to be free from arrest without probable cause is a clearly established constitutional right ."). Detaining a vehicle and its occupants constitutes a "seizure" within the meaning of the Fourth and Fourteenth Amendments, "even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). A *Terry* stop "is a brief seizure that must be supported by reasonable suspicion, that is 'specific and articulable facts, which taken together with rational inferences from these facts reasonably warrant an intrusion.' " *United States v. Zukas*, 843 F.2d 179, 181 (5th Cir. 1988) (quoting *Terry v. Ohio*, 392 U.S. at 21). "It is well settled that the reasonableness inquiry under the Fourth Amendment is an objective one, wholly divorced from the subjective beliefs of police officers. [S]o long as police do no more than they are objectively authorized and legally permitted to do, their motives in doing so are irrelevant and hence not subject to inquiry." *United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999) (en banc) (citations omitted). To satisfy the Fourth Amendment, the stopping officer must be able to "articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *United States v. Chavez*, 281 F.3d 479, 485 (5th Cir. 2002). The Fourth Amendment requires only a "minimal level of objective justification for making the stop." *Id.* Ultimately, the validity of the traffic stop is determined under "the totality of the circumstances—the whole picture." *Id.* Factors that ordinarily would "constitute innocent behavior may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced officers[.]"

15

*United States v. Holloway*, 962 F.2d 451, 459 (5th Cir. 1992).

Petitioner alleges that the officer stated that he stopped the car in which Petitioner was riding at 2:45 a.m., because it suddenly exited the highway, and it appeared that the driver was trying to avoid being stopped. The state court could have reasonably concluded that counsel could have reasonably believed that the officer had reasonable suspicion to stop the car. *See United States v. Rodriguez*, 76 F. Supp.2d 740, 749 (W.D. Texas 1999) (reasonable suspicion to stop where a person makes a u-turn in an apparent attempt to avoid a checkpoint). Counsel was not required to file a futile or meritless motion. *See Koch v. Puckett*, 907 F.2d at 527. Petitioner has not shown that the state court's rejection of this claim was unreasonable, or that he is entitled to relief on his ineffective assistance of counsel claim.

## VII.  JURISDICTION

Petitioner asserts that the court lacked jurisdiction because he was sentenced by a judge other than the judge of the 382nd Judicial District Court of Rockwall County, Texas. The record shows that the judge who signed the written plea admonishments and the judgment was "sitting" in the 382nd Judicial District Court. (*See* doc. 18-6 at 57, 59.)

Under Texas law,

> It is ... well-established that a retired judge sitting by administrative assignment possesses all the powers of the court to which he is assigned. Tex. Gov't Code Ann. § 74.052 (Vernon 1988); *Herrod v. State*, 650 S.W.2d 814, 817 (Tex. Crim. App. 1983) (op. on reh'g); *Alfaro v. State*, 638 S.W.2d 891, 895 (Tex. Crim. App. 1982); *Pendleton v. State*, 434 S.W.2d 694, 696–97 (Tex. Crim. App. 1968); *see Tyrone v. State*, 854 S.W.2d 153, 156 (Tex. App. – Fort Worth 1993, *pet. ref'd*); ... *see also* Tex. Const. art. V, § 11 ("District Judges may exchange districts, or hold courts for each other when they may deem it expedient"). Absent a showing to the contrary, it is presumed that the assignment was properly made in accordance with all statutory requirements. *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 854 (Tex. App. – Houston [1st Dist.] 1987, *writ ref'd n.r.e.*), *cert. dism'd*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988).

*Alexander v. State*, 903 S.W.2d 881, 883 (Tex. App. – Fort Worth 1995).

"Federal habeas corpus relief does not lie for errors of state law." *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). A claim that a visiting judge lacked jurisdiction does not state a federal constitutional violation. *See Pierce v. Director, TDCJ-CID*, 4:06-CV-258, 2013 WL 1796137, at *17 (E.D. Tex. Apr. 26, 2013). Movant is not entitled to federal habeas relief on his state law claim. Even if this were a federal constitutional claim, Movant has not shown that the state court's rejection of this claim was unreasonable.

## VIII.  EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## IX.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 16th day of February, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

17

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

18